‍

USDC SCAN INDEX SHEET

















SWD   7/22/05   13:05
3:05-CV-01458   BEHNKE ENTERPRISES V. HOBORAMA INC
*1*
*NTCREM.*

JAMES M. PETERSON, ESQ. (Bar No. 137837)
ALEXIS S. GUTIERREZ, ESQ. (Bar No. 190487)
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101
TEL: (619) 236-1551
FAX: (619) 696-1410

05 JUL 21  PM 3: 58

BY: _____ DEPUTY

Counsel for Defendant
HOBARAMA INC. (erroneously sued
as Hoborama Inc.)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BEHNKE ENTERPRISES INC., a
California Corporation,

                        Plaintiff,

v.

HOBORAMA INC. and DOES 1
Through 10, inclusive,

                        Defendants.

'05 CV 1458 JM      (WMc)

CASE NO.

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441(B)
(DIVERSITY)

**TO: THE CLERK OF THE ABOVE ENTITLED COURT:**

        **NOTICE IS HEREBY GIVEN THAT** Defendant HOBARAMA INC., a

Florida Corporation, with its principal place of business in the State of Florida,

hereby remove to this court the state court action described below.

## I.      JURISDICTION

        1.      On June 20, 2005, an action was commenced in the Superior Court of

California, County of San Diego – Central Division, captioned Behnke Enterprises

Inc. v. Hoborama Inc., et al., Case No. GIC849346.  [A true and correct copy of the

June 20, 2005 Complaint is attached hereto as **EXHIBIT "A."**]

///

HIGGS, FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

690112.1

NOTICE OF REMOVAL OF ACTION

2.     Plaintiff BEHNKE ENTERPRISES INC. first served Defendant HOBARAMA INC. via process server on or about June 20, 2005. [A copy of the Summons is attached hereto as **EXHIBIT "B."**]

3.     This action is a civil action, in which this court has original jurisdiction under 28 U.S.C. §1332, and may be removed to this court by defendant pursuant to the provisions of 28 U.S.C §1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum of $100,000 exclusive of interest and costs, and is between citizens of different states.

4.     Defendant HOBARAMA INC. filed a General Denial according to California Code of Civil Procedure Section 431.30(d), on July 21, 2005. [A copy of HOBARAMA INC.'s General Denial is attached hereto as **EXHIBIT "C."**]

5.     Defendant HOBARAMA INC. was, at the time that this action was filed, and continues, a corporation incorporated under the laws of the State of Florida, having its principal place of business in the State of Florida.

DATED:  July 21, 2005                    Respectfully submitted,


                                         HIGGS, FLETCHER & MACK LLP


                                         By: _____
                                             JAMES M. PETERSON, ESQ.
                                             ALEXIS S. GUTIERREZ, ESQ.
                                             Attorneys for Defendant
                                             HOBARAMA INC.

1    CLIFTON E. REED [CSBN 42654]
2    4504 Salisbury Drive
     Carlsbad, CA 92008
3    Telephone    (760) 434-9041
     Fax          (760) 434-8692
4
5    Attorney for Behnke Enterprises, Inc.

6

7

8                    SUPERIOR COURT OF CALIFORNIA
9                         SAN DIEGO COUNTY

| | |
|---|---|
| 10   BEHNKE ENTERPRISES INC., a<br>California Corporation | CASE NO. ~~GIC~~ **849346** |
| 11 | COMPLAINT FOR; BREACH OF |
| 12                    Plaintiff<br>v. | CONTRACT; CONSPIRACY TO<br>DEFRAUD; DECLARATORY RELIEF AND |
| 13   HOBORAMA INC. and DOES 1 Through | FOR INJUNCTIVE RELIEF AND<br>RESTITUTION [B&PC 17200] |
| 14   10. | |
| 15                    Defendant. | Exemplary Damages Demanded<br>Jury Trial Demanded |
| 16 | |

17

18   For causes of action plaintiff alleges that:

19   1.  Plaintiff BEHNKE ENTERPRISES Inc. is a California corporation located in San Diego

20   County in the state of California.

21   2. Plaintiff is informed and believes and on that basis alleges that defendant HOBARAMA LLC

22
23   is a Florida corporation doing business in California.

24   3.  Venue is proper within this judicial district because the action and events alleged herein

25   occurred principally within San Diego County and pursuant to the contract that is the subject of

26   this action.

27

28

     _____
                COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES

4.  Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Ron Swedelson was HOBARAMA'S Regional Sales Manager in California.

5.  The exact names of DOES 1-10 and the capacity in which they acted are unknown to Plaintiff. Plaintiff believes that said DOES 1-10 are liable in some way for the matters asserted in the Complaint. When the names of such persons or entities, and the capacity in which they acted are ascertained Plaintiff will move to name them in this Complaint.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint HOBARAMA and SWEDELSON and DOES 1-10 were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## COMMON BASIC FACTS

7. HOBARAMA is the manufacturer of the beverage BAWLS. HOBARAMA sells BAWLS through distributors who in turn sell the product to organizations and retail outlets for resale to consumers.

8. In October 2000 after communications between BEHNKE and HOBARAMA plaintiff began distributing BAWLS to consumers, organizations and retailers. BEHNKE expended substantial time, effort and money introducing BAWLS into the San Diego area marketplace.

9. HOBARAMA supported BEHNKE'S efforts by providing marketing assistance including: circulating Behnke's name as a distributor on HOBARAMA'S internet website; providing BEHNKE with printed advertising and point-of- purchase materials to be used by BEHNKE'S customers.

10.    HOBARAMA provided BEHNKE with the support of Swedelson. HOBARAMA'S Regional Sales Manager tasked with promoting sales in the San Diego area.    SWEDELSON

gave BEHNKE marketing advice, provided BEHNKE with leads and asked BEHNKE to

distribute BAWLS to sub-distributors such as DeRosa Foods Inc. for distribution to the retail

outlets throughout the Camp Pendleton Marine Corps base.

11. As a result of BEHNKE'S efforts sales of BAWLS in the San Diego area market expanded

greatly resulting in substantial profits to BEHNKE and HOBARAMA

### FIRST CAUSE OF ACTION
[Breach of Contract Against HOBARAMA]

12. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 11 as if set

forth in full

13. In or about October 2000 BEHNKE and HOBARAMA began their Manufacturer-

Distributor relationship and continued said relationship until in or about October 2004 when

HOBARAMA unilaterally terminated the relationship without just cause..

14. In or about October 2000 when BEHNKE and HOBARAMA began their relationship. and

soon thereafter and as part of an implied understanding with HOBARAMA at said time and as

part of said implied understanding, BEHNKE devoted its skills, efforts, and labor in developing

and expanding the market for BAWLS in the San Diego region.

15. As a further part of said implied understanding between BEHNKE and HOBARAMA the

Defendant HOBARAMA understood, or acted in manner as though it understood, that BEHNKE

would perform, expend, or contribute such skills, efforts, and labor to expand HOBARAMA'S

market and HOBARAMA would maintain and support BEHNKE'S activities as a distributor of

BAWLS. Thereafter, HOBARAMA manifested its assent to the conditions on which BEHNKE

performed as herein described by accepting the benefits of those skills, efforts, and labor and

treating BEHNKE'S efforts and labor as those of a HOBARAMA distributor.

COMPLAINT FOR INJUNCTIVE RELIEF. RESTITUTION AND DAMAGES

16. As a proximate cause of HOBARAMA'S aforementioned conduct, BEHNKE has sustained damage in an amount to be proven at trial but that is nonetheless in excess of the jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment as set forth below.

SECOND CAUSE OF ACTION

[Conspiracy To Commit Fraud Against HOBARAMA and DOES 1-5]

17. Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 11 and 13 through 16 as if set forth in full.

18. Plaintiff is informed and believes and on that basis alleges that while BEHNKE was acting as a HOBARAMA distributor HOBARAMA, acting through SWEDELSON, and DOES ONE through FIVE conspired to obtain BEHNKE'S proprietary customer and prospect information for the purpose of using such information for their own benefit after HOBARAMA terminated BEHNKE'S distributorship. Plaintiff is further informed and believes and on that basis alleges that HOBARAMA, after terminating BEHNKE'S distributorship entered into a distributorship agreement with a competing firm.

19. As a proximate cause of the aforementioned conduct, BEHNKE has sustained damage in an amount to be proven at trial but that is nonetheless in excess of the jurisdictional requirements of this Court.

20. The aforementioned conduct of HOBARAMA and DOES ONE through FIVE was an intentional effort to defraud BEHNKE with the intention on the part of said defendants of thereby depriving BEHNKE of property or legal rights or otherwise causing injury. The defendants' conduct was despicable and subjected Plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive

1  damages.

2  WHEREFORE, Plaintiff demands judgment as set forth below.

3                          THIRD CAUSE OF ACTION
4                  [Declaratory Relief against HOBARAMA]

5  21.  Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 11 and 13

6  through 16 and 18 through 20 as if set forth in full.

7  22.  An actual controversy has arisen and now exists between plaintiff and defendant concerning

8  
9  their respective rights and duties in that plaintiff contends HOBARAMA did not have the right to

10  unilaterally terminate his distributorship without just cause whereas defendant disputes these

11  contentions and contends BEHNKE was not a distributor and if it was a distributor defendant

12  could unilaterally terminate the arrangement without good cause.

13  23.  Plaintiff desires a judicial determination of its rights and duties and a declaration as to

14  
15  whether BEHNKE was a distributor and whether defendant had the right to unilaterally terminate

16  the distributorship without just cause.

17  24.  A judicial declaration is necessary and appropriate at this time under the circumstances in

18  order that plaintiff may ascertain its rights under the implied agreement.

19  25. As a proximate cause of the aforementioned conduct, BEHNKE has sustained damage in an

20  amount to be proven at trial but that is nonetheless in excess of the jurisdictional requirements of

21  this Court.

22  WHEREFORE, Plaintiff demands judgment as set forth below.

23  
24                          FOURTH CAUSE OF ACTION
25                  [Unfair Business Practices Against HOBARAMA]

26  26 Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 11 and 13

27  through 16 as if set forth in full

28

---

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES

27. Plaintiff is informed and believes and on that basis alleges that throughout California HOBARAMA routinely uses small distributors such as BEHNKE to establish its BAWLS product in the market and when the market is sufficiently penetrated to be attractive to larger distributors HOBARAMA takes action to cut off the small distributors and turn the business over to other larger distributors

28. HOBARAMA'S conduct as described above is in breach of its obligation to treat small distributors fairly and each aspect of such conduct, constitute unfair competition under the laws of this state. Such conduct constitutes an unlawful business practice within the meaning of Business and Professions Code section 17200.

29. The unlawful business practices of HOBARAMA are likely to continue and therefore will deprive small businesses of the opportunity to compete in the market on a level playing field.

30. As a direct and proximate result of HOBARAMA'S unlawful conduct it will receive and continue to receive the benefit of the small distributor established market for HOBARAMA'S product. Because of its unfair competition, HOBARAMA caused the small distributors to expend substantial money for to establish a market for BAWLS to the benefit of HOBARAMA. Plaintiff's individual loss is in an amount to be determined at trial.

WHEREFORE Plaintiff requests:

1.    A permanent injunction pursuant to Business and Professions Code section 17203 restraining and enjoining HOBARAMA from continuing the acts of unfair competition;

2.    That HOBARAMA be ordered to restore to the public all funds acquired by the acts of unfair competition;

3.    Based upon the first, second and third causes of action compensatory damages in favor of BEHNKE as established at trial;

4.    A declaration that there was an implied contract between BEHNKE and HOBARAMA;

5.    Based upon the second cause of action exemplary damages in favor of BEHNKE; and.

---

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES

6.    For such other relief as the court feels is just.

Dated _____

Clifton Reed Attorney for Plaintiff Behnke
Enterprises Inc.

## VERIFICATION

I, Scott O. Behnke declare:

I am the Chief Executive Officer of Behnke Enterprises Inc. the plaintiff in this action. As such, I am authorized to execute this Verification for and on behalf of Behnke Enterprises Inc. I have read the foregoing Complaint.  The matters set forth therein are true of my own knowledge, except for those matters that are stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __20TH__ day of May 2005 in San Diego, California.

Scott O. Behnke, CEO of Behnke Enterprises
Inc.

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
| --- | --- |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOBORAMA INC. AND DOES 1 THROUGH 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BEHNKE ENTERPRISES, INC.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>350 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* | GIC 849346 |
| --- | --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Clifton Reed [CSBN 42654]
4504 Salisbury Drive, Carlsbad, CA 92008 Telephone (760) 434-9041

| DATE:<br>*(Fecha)* | JUN 2 0 2005 | Clerk, by<br>*(Secretario)* | L. YURONG | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |

www.accesslaw.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

Behnke Enterprises Inc. v. Hobarama Inc. & Does 1 through 10
San Diego Superior Court Case # 849346

I, Clifton E. Reed, certify that:

I am and at all times mentioned herein was an active member of the State Bar of California. I am not a party to this action. My business address 4504 Salisbury Drive. Carlsbad CA. 92008.

Pursuant to California Code of Civil Procedure sections (415).40 & 416.10(b), I served the

Summons & Complaint; Civil Case Cover Sheet; Notice of Case Assignment; and Notice to Litigants/ADR Information Package with Stipulation Form

by depositing a copy in the United States mail at Carlsbad California in a sealed envelope, with postage prepaid [certified mail – return receipt requested] on 6/21/2005. addressed to:

Hobart (Hoby) Buppert, CEO
**Hobarama LLC**
400 NW 26th St.
Miami, FL 33127

At that time there was regular delivery of United States mail between the place of deposit and place of address.

Dated: 6/21/2005

Clifton E. Reed Attorney for Plaintiff
[California State Bar No. 42654]

1 │ JAMES M. PETERSON, ESQ. (Bar No. 137837)
   │ ALEXIS S. GUTIERREZ, ESQ. (Bar No. 190487)
2 │ HIGGS, FLETCHER & MACK LLP
   │ 401 West "A" Street, Suite 2600
3 │ San Diego, CA  92101-7913
   │ TEL: 619.236.1551
4 │ FAX:  619.696.1410

5 │ Attorneys for Defendant
   │ HOBARAMA INC. (erroneously sued
6 │ as Hoborama Inc.)

7

8 │      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9 │                   CENTRAL DIVISION

10

| | |
|---|---|
| 11   BEHNKE ENTERPRISES INC., a California Corporation, | CASE NO. GIC 849346 |
| 12                  Plaintiff, | **DEFENDANT HOBARAMA INC.'S ANSWER TO COMPLAINT** |
| 13   v. | **[CCP 431.30(d)]** |
| 14   HOBARAMA INC. and DOES 1 Through 10, inclusive, | CASE FILED:   JUNE 20, 2005 |
| 15 | IC JUDGE:    CHARLES R. HAYES |
| 16                  Defendants. | DEPT:         66 |
| | TRIAL DATE:   NOT ASSIGNED |

17

18

19 │      **COMES NOW** Defendant HOBARAMA INC. ("HOBARAMA"), severing itself

20 │ from all other defendants, and answering the Complaint of Plaintiff BEHNKE

21 │ ENTERPRISES INC. ("Plaintiff") as follows:

22 │      Under the provisions of California Code of Civil Procedure § 431.30(d), this

23 │ answering Defendant denies each and every allegation in said Complaint, and the whole

24 │ thereof, including each and every purported cause of action contained therein, and denies

25 │ that Plaintiff sustained or will sustain damages in the sums alleged, or any other sums, or

26 │ at all.

27 │ ///

28 │ ///
   │ 692740.1

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

HOBARAMA INC.'S ANSWER
TO COMPLAINT

1  Further answering the Complaint herein, and the whole thereof, this answering

2  Defendant denies that Plaintiff sustained any injuries, damages, or losses, if any, by

3  reason of any act or omission, whether active or passive, expressed or implied, breach of

4  warranty or contract, statement or publication, or any other conduct or absence thereof on

5  the part of this answering Defendant, or any agent, servant, or employee of this answering

6  Defendant, and denies that this answering Defendant was negligent, reckless, careless,

7  breached any contract, acted unlawfully or were or are guilty of any other wrongful or

8  recoverable act or omission whatsoever.

9  As separate affirmative defenses to the Complaint and the whole thereof, this

10  Defendant asserts as follows:

11  **FIRST AFFIRMATIVE DEFENSE**

12  **(Failure To State A Claim)**

13  1.  As a first, separate affirmative defense, Defendants allege that the

14  Complaint and each and every purported cause of action therein, fail to state a cause of

15  action against these answering Defendants.

16  **SECOND AFFIRMATIVE DEFENSE**

17  **(Adequacy of Remedy at Law)**

18  2.  As a second, separate affirmative defense to Plaintiff's Complaint, and to

19  each and every cause of action contained therein, Defendants allege that the injury or

20  damage suffered by Plaintiff, if any there be, would be adequately compensated in an

21  action at law for damages.  Accordingly, Plaintiff has a complete and adequate remedy at

22  law and is not entitled to seek equitable relief.

23  **THIRD AFFIRMATIVE DEFENSE**

24  **(Failure to Mitigate)**

25  3.  As a third, separate affirmative defense, Defendants allege that Plaintiff,

26  though under a duty to do so, failed and neglected to mitigate his alleged damages, if any,

27  and therefore, cannot recover against Defendants, whether as alleged or otherwise.

28  ///

692740.1

2

HOBARAMA INC.'S ANSWER
TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.     As a fourth, separate affirmative defense, Defendants allege that the Complaint, and each and every purported cause of action contained therein, is barred by the applicable statute(s) of limitations set forth in the statutory laws of the State of California, including, and without limitation, Code of Civil Procedure, §§ 337 *et seq.*, § 340 *et seq.*, and § 343.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.     As a fifth, separate affirmative defense, Defendants allege that the Complaint, and each and every purported cause of action contained therein, is unenforceable in that Plaintiff has voluntarily and knowingly waived and released each and all of his rights and claims against these answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.     As a sixth, separate affirmative defense, Defendants allege that Plaintiff, by his acts and conduct, has consented to all conduct as alleged on the part of these answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     As a seventh, separate affirmative defense, Defendants allege that the Complaint, and each and every purported cause of action contained therein, is barred by reason of the acts, omissions, representations and courses of conduct by Plaintiff which *these answering Defendants relied upon to their detriment, thereby barring the claims* asserted under the Doctrine of Equitable Estoppel.

///

///

///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     As an eighth separate affirmative defense, Defendants allege that the cause of action contained in the Complaint, and each of them, are barred by the doctrine of Laches, in that the Plaintiff has unreasonably delayed in brining these claims, and said delays have prejudiced these answering Defendants. *See e.g.*, *Wells Fargo Bank v. Bank of America*, 32 Cal.App.4th 424, 439 (1995).

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     As a ninth, separate affirmative defense, Defendants allege that by virtue of the unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovery against these answering Defendants by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

10.     As a tenth separate affirmative defense, Defendants allege that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiffs' claim for damages against these answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Punitive Damages)

11.     As an eleventh, separate affirmative defense, Defendants allege that the Complaint and each and every purported cause of action stated therein, fails to state facts sufficient to constitute a claim for punitive damages against these answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (A Claim For Punitive Damages Unconstitutional)

12.     As a twelfth, separate affirmative defense, Defendants allege that any award of punitive damages against these answering Defendants will violate their rights under the due process clauses of the California and United States Constitutions.

692740.1                                    4

HOBARAMA INC.'S ANSWER
TO COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Code of Civil Procedure §128.7)

13.     As a thirteenth, separate affirmative defense, Defendants allege that Plaintiffs' Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying these Defendants.  Therefore these answering Defendants are entitled to recover their reasonable expenses, including attorney fees, incurred by them in defending this action, pursuant to California Code of Civil Procedure §128.7, and any or other similar laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unilateral Rescission)

14.     As a fourteenth, separate affirmative defense, Defendants allege that that the Complaint is barred by reason of the acts, omissions, representations and courses of conduct of the Plaintiffs, which these answering Defendants were led to rely upon to their detriment, thereby barring any causes of action asserted by the Plaintiffs under the doctrine of equitable estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Complete Performance)

15.     As a nineteenth, separate affirmative defense, Defendants allege that they have appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Causation)

16.     As a twentieth, separate affirmative defense, Defendants allege that if the Plaintiffs have suffered any loss, damage or injury, which is expressly denied, such loss, damage or injury was not caused, either legally or proximately, by any act or omission of these answering Defendants.

///

///

692740.1

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure of Performance)

17.    As a twenty-first, separate affirmative defense, Defendants allege that any failure on the part of these answering Defendants to perform the obligations described in the Complaint is excused by the Plaintiffs' failure to perform his obligations under any alleged agreement in a timely, proper and complete manner.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prevention of Performance)

18.    As a twenty-second, separate affirmative defense, Defendants allege that without conceding any allegations in the Complaint, if these answering Defendants is found to have failed to perform any covenant or condition pursuant to any alleged agreement with Plaintiffs or other parties, Defendants allege that such failure was for the reason that Plaintiffs or other parties, by their acts and omissions, or those of their agents, prevented these answering Defendants' performance and excused any and all future performance.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Excuse of Performance)

19.    As a twenty-third, separate affirmative defense, Defendants allege that without conceding any allegation in the Complaint, the conduct of these answering Defendants in regard to the matters alleged in the Complaint was justified or otherwise subject to the doctrine of excuse, and by reason of the foregoing, the Plaintiffs is barred from any recovery therein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Contribution)

20.    As a twenty-fourth, separate affirmative defense, Defendants allege that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than these answering Defendants, and the liability of these answering Defendants, if any, is limited in direct

692740.1

6

1  proportion to the percentage of fault actually attributable to these answering Defendants.

2  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

3  ### (Apportionment)

4      21.    As a twenty-fifth, separate affirmative defense, Defendants allege that they

5  are not responsible or liable in any way for the damages or loss alleged in the Complaint.

6  However, if these answering Defendants are found to be liable or responsible for any or

7  all of the alleged damages or loss, these answering Defendants alleges that their liability,

8  if any, is not the sole proximate cause of the damages and loss, and that the damages

9  awarded to the Plaintiffs, if any, should be apportioned according to the respective fault

10  and legal responsibility of all parties, persons and entities, and their agents, servants, and

11  employees who contributed to and/or caused such damages or loss according to the proof

12  presented at the time of trial.

13  ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

14  ### (Intervening Superseding Causes)

15      22.    As a twenty-sixth, separate affirmative defense, Defendants allege that the

16  injuries and damages of which the Plaintiffs complains were proximately caused, or

17  contributed to, by the acts of the Plaintiffs, and other defendants, persons and/or entities,

18  and that said acts were an intervening and superseding cause of injuries and damages, if

19  any, of which the Plaintiffs' complain, thus barring, or reducing, the Plaintiffs' recovery

20  against these answering Defendants.

21  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22  ### (Additional Affirmative Defenses May Be Available)

23      23.    As a twenty-seventh, separate affirmative defense, Defendants allege  that

24  they currently have insufficient knowledge or information upon which to determine

25  whether additional affirmative defenses may be available to them which have not yet been

26  asserted in this Answer and, therefore, reserve the right to assert additional affirmative

27  defenses based upon subsequent discovery, investigation and analysis.

28  ///

692740.1

7

HOBARAMA INC.'S ANSWER
TO COMPLAINT

## ATTORNEYS FEES

24.    Defendants allege, based on the challenged contract and Plaintiff's request for attorney fees, that in the event these answering Defendants are determined to be the prevailing party, then Defendants are entitled to recover their attorney's fees pursuant to California Civil Code §1717 and/or other applicable standards.

**WHEREFORE** Defendants pray for judgment as follows:

a.    That Plaintiff's Complaint be dismissed;

b.    That Plaintiff takes nothing by reason thereof;

c.    That Defendants be awarded reasonable attorney fees and costs of suit herein incurred;

d.    For such other and further relief as the court deems just and proper.

DATED:  July 21, 2005                    HIGGS, FLETCHER & MACK LLP

By: _____
JAMES M. PETERSON, ESQ.
ALEXIS S. GUTIERREZ, ESQ.
Attorneys for Defendant
HOBARAMA INC.

692740.1                          8

1

**PROOF OF SERVICE**   CIVIL ........ E OFFICE I
CENTRAL DIVISION

2        I, Lulu Bautista, declare:                                    2005 JUL 21  AM 11: 20

3        I am a resident of the State of California and over the age of eighteen years, and not a
party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San

4   Diego, California 92101-7913.  On July 21, 2005, I served the within documents, with all
exhibits (if any):

5

6                           DEFENDANT HOBARAMA INC.'S ANSWER TO COMPLAINT

7      ☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m. A copy of the transmission report issued

8             by the transmitting facsimile machine is attached hereto.

9      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Diego, California addressed as set

10            forth below.

11     ☐      by placing the document(s) listed above in a sealed _____ envelope and
affixing a pre-paid air bill, and causing the envelope to be delivered to a

12            _____ agent for delivery. A true and correct copy of the airbill is attached

13            hereto.

14     ☐      by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

15

16   **Clifton E. Reed, Esq.**              **Attorney for Plaintiff**
**Attorney at Law**                   **BEHNKE ENTERPRISES, INC.**

17   **4504 Salisbury Drive**
**Carlsbad, CA 92008**

18

19        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

20   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage

21   meter date is more than one day after date of deposit for mailing in affidavit.

22        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

23        Executed on July 21, 2005, at San Diego, California.

24

25                                                    _Lulu Bautista_
_____

26                                                          Lulu Bautista

27

28

*Behnke enterprises Inc. v. Hoborama Inc.*
Case No. _____

## PROOF OF SERVICE

I, Lulu Bautista, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within-entitled action; my business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. On July 21, 2005, I served the within documents, with all exhibits (if any):

> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §
> 1441(B) (DIVERSITY) ; *Civil Cover Sheet*

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission report issued by the transmitting facsimile machine is attached hereto.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. A true and correct copy of the airbill is attached hereto.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**Clifton E. Reed, Esq.**         **Attorney for Plaintiff**
**Attorney at Law**             **BEHNKE ENTERPRISES, INC.**
**4504 Salisbury Drive**
**Carlsbad, CA 92008**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 21, 2005, at San Diego, California.

_____
Lulu Bautista

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

692875.1

PROOF OF SERVICE

JS 44
(Rev. 07/89)

# ⬤ CIVIL COVER SHEET ⬤

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

GEHNKE ENTERPRISES INC., a California Corporation

**DEFENDANTS**

HOBARAMA INC.

05 JUL 21 PH 3:58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Clifton E. Reed, Esq.
4504 Salisbury Drive
Carlsbad, CA 92008
760.434.9041

ATTORNEYS (IF KNOWN)

James M. Peterson     619.236.1551
Alexis S. Gutierrez
Higgs, Fletcher & Mack LLP
401 West A Street, Suite 2600
San Diego, CA 92101

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)     PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)     28 U.S.C. section 1441(B)

'05 CV 1458 JM     (WMc)

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____     Docket Number _____

DATE
July 21, 2005

SIGNATURE OF ATTORNEY OF RECORD
_Alexis S. [signature]_

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

# 115621     $250.00     [initials] 7-21-05